FANNIE M. CAMERON, ADMINISTRATRIX, v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY.

Argued February 23, 1904—Decided March 2, 1904.

A car was running at a good speed, some of the witnesses expressing it as "a high or terrific rate of speed," upon a street where the motorman had a clear view ahead of him for several hundred feet, and plaintiff's intestate was leading a horse in the highway from the opposite direction, and, when the car was within a short distance—probably two hundred feet—the horse became unmanageable. *Held,* that it must have been evident to the motorman that the cause of the fright of the horse was the oncoming car, and it was then his duty to put his car under such control as to be able to stop it, and to take necessary precautions to that end; that a finding by the jury that he did not do so was justified.

On application for a rule to show cause.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *John M. Bell.*

For the defendant, *Bedle, Edwards & Lawrence.*

PER CURIAM.

This action was tried at the Bergen County Circuit, on the 9th day of December, 1903.

The suit was to recover for pecuniary injury to the widow and next of kin of Oscar J. Cameron, deceased.. There was a verdict for the plaintiff for $6,540.

Application was made to the trial justice, within six days, for a rule to show cause why a new trial should not be granted, which was denied. The application is now renewed at bar.

We have given careful consideration to this case, and the evidence seems to have justified the conclusions of the jury,

upon the questions submitted to them, in finding negligence in the defendant company's motorman in running upon the deceased under the circumstances detailed.

The car was moving at a good speed, some of the witnesses expressing it as "a high or terrific rate of speed," upon a street where the motorman had a clear view ahead of him for several hundred feet; and the deceased was leading a horse in the highway, the car and the deceased approaching each other from opposite directions. When the car was within a short distance—probably two hundred feet of the deceased—the horse which he was leading became unmanageable, and it must have been evident to the motorman that the cause of the fright of the horse was the oncoming car.

It was then the duty of the motorman to put his car under such control as to be able to stop it, and to take all necessary precautions to that end. The jury have found that he did not do so, and that, under the charge of the court, he was not exercising that ordinary care and prudence which was required of him.

We are unable to see any reason for saying that this conclusion of the jury was not justified.

The charge of the court was, if anything, favorable to the defendant, and it correctly stated the law applicable to this class of cases.

The deceased was thirty-one years of age and was earning more than $1,000 per year, and the widow was a woman of thirty-two, and the two children of the deceased were aged two and eight years, respectively.

The verdict, therefore, was not excessive.

There appears to be no reason for a rule in this case, and it is refused.